IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Timothy M. White, | ) | C/A No. 0:19-cv-01136-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Andrew Saul, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended reversing the decision of the Commissioner of Social Security ("Commissioner") and remanding the case to the Commissioner for further administrative proceedings consistent with the Court's ruling. ECF Nos. 17, 18. Having considered the parties' briefing and all relevant law, the Court OVERRULES Defendant's Objections and ADOPTS the Magistrate Judge's Report for the reasons that follow.

## **BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner's final decision denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff filed applications for both DIB and SSI on October 8, 2015, alleging disability beginning September 1, 2015 due to "feet issues," high cholesterol, and high blood pressure. (R. 90, 103). Plaintiff's applications were denied initially and on reconsideration. (R. 102, 115, 133, 148). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),

which was held on January 8, 2018.  The ALJ denied Plaintiff's application in a decision issued July 31, 2018.  (R. 15–30).  The Appeals Council denied Plaintiff's request for review on March 25, 2019, making the ALJ's denial the final decision of the Commissioner.  (R. 1–3).

Plaintiff filed suit in this Court on April 18, 2019.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling.  On June 30, 2020, Magistrate Judge Mary Gordon Baker issued her Report recommending that the decision of the Commissioner be reversed and remanded.  ECF No. 17.  On July 14, 2020, the Commissioner filed Objections to the Report.  ECF No. 18.  Plaintiff filed a Response on July 21, 2020.  ECF No. 19.  The Commissioner's Objections and the Magistrate Judge's Report are now before the Court.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined

2

innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **DISCUSSION**

The Magistrate Judge recommended that the Court reverse and remand the Commissioner's decision due to the ALJ's inadequate consideration of Plaintiff's use of crutches in determining his Residual Functional Capacity ("RFC"). Specifically, the Magistrate Judge found that the ALJ "wholly disregarded" medical documentation showing Plaintiff's need for an assistive device and failed to determine whether Plaintiff's crutches were medically required.

The Commissioner's brief makes no argument against the necessity of considering medically required assistive devices in fashioning a claimant's RFC. Rather, the Commissioner argues that because Plaintiff's crutches were not medically required, the

ALJ was under no obligation to consider them or to incorporate them into the RFC. ECF No. 18 at 2–3 (citing *Sanford v. Saul*, C/A No. 5:18-cv-02886-KDW, 2020 WL 633743, at *9–11 (D.S.C. Feb. 11, 2020) (collecting cases in which the ALJ did not err by non-consideration of medically unnecessary assistive devices); SSR 96-9p, 1996 WL 374185, at *5, 7 (listing only "medically required" hand-held assistive devices under the guidelines for evaluating a claimant's ability to do less than a full range of sedentary work)). The relevant Ruling provides:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

SSR 96-9p, 1996 WL 374185, at *7.

Here, the Commissioner presents two distinct but interrelated arguments supporting the adequacy of the ALJ's analysis. First, the Commissioner argues that Plaintiff did not provide any medical documentation "describing the circumstances for which [the assistive device] is needed," and thereby failed to meet the Ruling's threshold standard. ECF No. 18 at 3 (quoting SSR 96-9p, 1996 WL 374185, at *7). The Court cannot agree. The February 17, 2016, prescription from Pelham Medical Center for "[c]rutches with crutch walking education" could arguably meet the required standard, although perhaps not explicitly so. (R. 747). However, the October 2, 2017, plan of

treatment prescribed by Wayne Franklin Sease, Jr., MD is quite clear about the circumstances for which Plaintiff's crutches are required.  It reads as follows:

> 42 year-old with concern clinically initially for some underlying osteoarthritis but degenerative meniscal tear, now with some worsening after this therapy and relatively poor response to his injection.  I am concerned that he may have a stress related injury and fracture of his knee.  Significant period of prolonged rest or potentially a surgical opinion if indeed he has a piece of the degenerative meniscus that is loose.  MRI to look at the integrity of that meniscus and the degree of bone bruising.  *In the interim I am going to keep him consistently nonweight bearing crutches until we see him back*.  May consider use of unloader brace or hinged knee brace.

(R. 859) (emphasis added).  The plain language of this prescription establishes that (1) crutches were prescribed for Plaintiff's knee, specifically for osteoarthritis, degenerative meniscal tear, and possible fracture, and (2) the crutches were prescribed for "consistent[]" use, i.e., in all situations and at all times.  Therefore, this Court agrees with the Magistrate Judge that Plaintiff provided sufficient medical documentation of the circumstances for which his prescribed crutches were needed.

Second, the Commissioner argues that the ALJ considered and discussed substantial evidence of record that Plaintiff's crutches were medically unnecessary and that her discussion constituted an adequate explanation of her findings.  Once again, the Court disagrees.  Although the ALJ discussed various pieces of evidence suggesting that Plaintiff was able to walk without an assistive device and without difficulty, she did not explicitly connect that evidence to any determination about the medical necessity of Plaintiff's crutches.  It is possible that the ALJ made such a determination and that such a determination, if made, would be supported by substantial evidence.  But the ALJ was under an obligation to "build an accurate and logical bridge from the evidence to [her] conclusion."  *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).  The record contains

5

conflicting evidence regarding the medical necessity of Plaintiff's crutches. Resolution of this issue was particularly essential because the vocational expert testified that Plaintiff would be unable to perform sedentary work if he needed to use crutches while standing and walking. (R. 54). Without a more detailed explanation, the Court is simply unable to determine whether the ALJ adequately considered Plaintiff's use of crutches or whether she made any finding about their medical necessity in developing Plaintiff's RFC. Such ambiguity "frustrate[s] meaningful review" and warrants remand. *Monroe*, 826 F.3d at 188 (citation omitted); *see also Brown v. Colvin*, C/A No. 1:15-cv-03686-SVH, 2016 WL 3355630, at *10 (D.S.C. June 17, 2016) (ALJ's failure to determine whether Plaintiff's cane was medically necessary "resulted in an RFC finding that was not supported by substantial evidence"); *Hamlin v. Colvin*, C/A No. 8:12-cv-03601-RMG-JDA, 2014 WL 587464, at *14 (D.S.C. Jan. 23, 2014), *Report adopted by* 2014 WL 588073 (D.S.C. Feb. 14, 2014), (recommending remand where the ALJ failed to resolve "conflicting evidence regarding whether Plaintiff's cane was medically necessary"). The Commissioner's objection is therefore overruled.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report and **REVERSES** the decision of the Commissioner. This case is hereby **REMANDED** for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

August 25, 2020<br>
Spartanburg, South Carolina